# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| United States of America <br> v. <br> SADARIAN PETERSON <br> *Defendant* | ) <br> ) <br> ) Case No. 17-30186 <br> ) <br> ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

- ☐ The defendant has not introduced sufficient evidence to rebut the presumption above.
  **OR**
- ☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III - Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☑ Weight of evidence against the defendant is strong
- ☑ Subject to lengthy period of incarceration if convicted
- ☑ Prior criminal history
- ☐ Participation in criminal activity while on probation, parole, or supervision
- ☐ History of violence or use of weapons
- ☑ History of alcohol or substance abuse
- ☑ Lack of stable employment
- ☐ Lack of stable residence
- ☑ Lack of financially responsible sureties
- ☐ Lack of significant community or family ties to this district

☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Defendant is 37 years old, single with five children, four of whom are minors, who has been living with his grandmother in Detroit for the past 20 years.  He is charge in a criminal complaint with Possession with Intent to Distribute Herion.  He has been unemployed for the past 7 years and collects Social Security Disability for closed head injuries suffered in a 2009 motorcycle accident. Defendant admits to regular use of marijuana since the age of 16.  Defendant has a long criminal history beginning with a 1998 guilty plea for Delivery/Use Marijuana and Driving with a Suspended license;  Defendant was convicted of Felony Possession of Marijuana in 2002, along with Resisting and Obstructing a Police Officer (probation closed without improvement);  Violation of Probation, 2004;  Conviction 2004 Felony Dangerous Drugs;  Conviction for Stolen Property, Receiving and Concealing, 2011;  2012 Violation of Probation; Misdemeanor Larceny 2012;  Felony Fraudulent Activities, 2016;  Dangerous Drugs, 2014.  Defendant was pulled over in Dearborn on a traffic stop on 4/11/2017 for a suspended license.  The officers smelled burned marijuana in the car and asked the Defendant to step outside the vehicle.  When the officer attempted to handcuff Defendant, Defendant pulled away and ran.  Defendant, in an astonishing display of agility, ran eastbound across the Southfield service drive, jumped a fence, and ran down onto the Southfield expressway. He continued to run eastbound across all lanes of traffic in broad daylight.  He was observed running eastbound in a field east of the expressway when he was eventually apprehended. Defendant's Dodge Durango was then searched and a black duffle bag was found on the back seat floorboard.  Inside the duffle bag were two shirts, a square object wrapped in red tape, with a white substance all over it, a marijuana pipe, three cell phones, a wallet with Defendant's name on it.  The red taped package was found to contain 1,038 grams of heroin with packaging, indicative of a distribution quantity. Pretrial Services interviewed this Defendant and concluded that he posed a risk of flight based upon his conduct at the time of his arrest, his substance abuse history, and his criminal history.  This Court finds that a preponderance of evidence establishes Defendant as a flight risk.  Pretrial Services also concluded that Defendant poses a risk of danger based upon the nature of the instant offense, Defendant's prior criminal history of arrests and convictions, his substance abuse history, his violations of probation, his continued criminal activity while under court supervision, his history of charges involving domestic violence, and his continued patern of similar criminal activity.  Pretrial Services felt that conditions could be imposed to minimize the risk of danger to the community. This Court respectfully disagrees, and finds that there is clear and convincing evidence that this Defendant poses a danger to the community. The presumption of detention has not been successfully rebutted.  The relevant statutory factors have been reviewed and analyzed.  There is no condition or combination of conditions that would assure Defendant's appearance or the safety of the community.  Detention is therefore Ordered.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: April 19, 2017

s/Mona K. Majzoub
*Judge's Signature*

Mona K. Majzoub, U.S. Magistrate Judge
*Name and Title*